IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RICHARD J. URRIZAGA, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-07-434-S-BLW |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| ATTORNEY GENERAL FOR | ) | **AND ORDER** |
| IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Before the Court in this habeas corpus matter is Respondent's Motion for

Summary Dismissal.  (Docket No. 9.)  The parties have adequately briefed the

factual and legal issues, and the Court finds that decisional process would not be

aided by oral argument.  D. Idaho L. Civ. R. 7.4(d).

Because the Petition is untimely, Respondent's Motion shall be granted and

this case shall be dismissed.

## BACKGROUND

After a pleading guilty in state district court, Petitioner was convicted of

trafficking in methamphetamine, and he was sentenced to 22 years in prison with

the first 12 years fixed.  On direct appeal, he argued that his sentence was

excessive, a claim that was rejected by the Idaho Court of Appeals.  The Idaho

**Memorandum Decision and Order - 1**

Supreme Court denied his petition for review and issued its remittitur on November 15, 2004.  (State's Lodging B-7.)

While the direct appeal was pending, Petitioner filed a motion for credit for time served, a motion to withdraw his guilty plea, and a motion to reduce his sentence under Idaho Criminal Rule 35.  The district court granted the motion for jail credit, but denied the other two motions.  (State's Lodgings C-1, D-5.)

Petitioner appealed only from the district court's ruling on the Rule 35 motion.  The Idaho Court of Appeals concluded that the district court did not abuse its discretion in denying the motion, and the Idaho Supreme Court declined to review the case.  The remittitur was released on August 17, 2006.  (State's Lodging D-14.)

While the Rule 35 appeal was still pending, Petitioner submitted an application for post-conviction relief, which the state district court eventually dismissed as time-barred under Idaho Code § 19-4902(a).  On appeal, Petitioner argued that the statute of limitations should have been equitably tolled because he had been transferred to an out-of-state prison near the end of the limitations period and did not have access to his legal material.  The Court of Appeals found that Petitioner had sufficient time in which to complete his application before he was transferred, and it upheld the order of dismissal.  (State's Lodging F-5.)  The Idaho

**Memorandum Decision and Order - 2**

Supreme Court thereafter denied Petitioner's petition for review.  (State's
Lodgings F-8, F-9.)

On October 1, 2007, Petitioner initiated the current federal habeas action,
raising nine claims for relief.[1]  In its Initial Review Order, the Court concluded that
Claims 1 and 9 were not cognizable federal claims, and they were dismissed, but
the Court ordered Respondent to respond to the remaining claims.  (Docket No. 4,
p. 3.)

In his Motion for Summary Dismissal, Respondent argues that the Petition
must be dismissed because it is untimely or, in the alternative, because the
remaining claims were not raised in the Idaho Supreme Court and are now
procedurally defaulted.  Petitioner has filed a "Brief and Affidavit on Petition for
Writ of Habeas Corpus," which the Court has reviewed and construes as a response
to the Motion.

For the reasons that follow, the Court agrees with Respondent that the
Petition is not timely.  It will be dismissed on that basis, and the Court will not
reach Respondent's alternative argument for dismissal.

---

[1]  For purposes of this opinion, the Court will apply the "mailbox rule" and assume that
Petitioner filed the Petition when he claims he deposited it in the prison mail system, rather than
when it was received by the Clerk of Court.

**Memorandum Decision and Order - 3**

## STANDARD OF LAW

This Petition is governed by the provisions of the Anti-terrorism and Effective Death Penalty Act (AEDPA) (enacted in 1996).  Under AEDPA, a one-year period of limitation applies to an application for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The one-year period begins to run from the date of one of four triggering events, as specified in 28 U.S.C. § 2244(d)(1)(A)-(D).  The most common event is the date upon which the judgment became final in state court, either after direct appeal has concluded or after the time for seeking an appeal expired.  28 U.S.C. § 2244(d)(1)(A).

The statute provides tolling (suspending) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  This is known as "statutory tolling."

The limitations period may also be tolled for fairness reasons when extraordinary circumstances prevented the petitioner from filing on time ("equitable tolling").  *Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005).  A litigant seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005)

**Memorandum Decision and Order - 4**

## DISCUSSION

Petitioner's judgment of conviction became final on February 13, 2005, ninety days after the completion of his direct appeal. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001) (holding that the limitations period starts after the time to file a petition for writ of certiorari in the Supreme Court has expired).

Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period ordinarily would have begun to run on February 14, 2005, but on that date Petitioner still had several post-judgment motions pending in state district court. He eventually appealed from the district court's denial of his Rule 35 motion, which was finally resolved when the Idaho Supreme Court issued its remittitur on August 17, 2006. The initial question, then, is whether the limitations period was statutorily tolled from February 14, 2005, until August 17, 2006, while the Rule 35 motion was pending in the state courts.

Relying on *Pace v. DiGuglielmo*, Respondent contends that Petitioner's Rule 35 motion was not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2) because it was untimely under state law.[2] (Docket No. 9-2, p. 7.) Respondent notes correctly that, in *Pace*, the Supreme Court held that "[b]ecause the state court

---

[2] Notably, Respondent has not argued that the Rule 35 motion, essentially a request for a sentence reduction, did not qualify as an "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). The Court has no reason to reach that issue here.

**Memorandum Decision and Order - 5**

rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." 544 U.S. at 417.  But while Respondent tried to convince the Idaho Court of Appeals that Petitioner's Rule 35 motion was time-barred, that court "assum[ed] *arguendo* that the district court had jurisdiction" and concluded that the lower court did not abuse its discretion in denying relief.  (State's Lodging D-10.)  Contrary to Respondent's present argument, this appears to be a merits-based decision rather than a dismissal on timeliness grounds.

In any case, assuming that Petitioner is entitled to statutory tolling for the time that the Rule 35 motion worked its way through the state courts, his federal habeas Petition would still be untimely.  This is so because the federal statute of limitations would have started to run after the remittitur was issued at the conclusion of the Rule 35 appeal on August 17, 2006.  Petitioner had one year from that date in which to come to federal court, but he did not file until October 1, 2007, several weeks too late.

It is true that Petitioner's application for post-conviction relief was still pending during that time, but the Idaho Court of Appeals clearly affirmed the dismissal of the application as time-barred, in contrast to its disposition on the merits of the Rule 35 appeal.  (State's Lodging F-5, p. 5.)  The Idaho Supreme

**Memorandum Decision and Order - 6**

Court's denial of the petition for review effectively endorsed that view.

Accordingly, under *Pace*, the application for post-conviction relief was never

"properly filed" for purposes of § 2244(d)(2), and none of the time that it was

pending suspended the limitations period in this case.

In certain rare circumstances, a habeas petitioner may be able to argue

successfully that a time-barred state post-conviction action *equitably* tolled the

limitations period, even when statutory tolling is unavailable. This might be

particularly appropriate when a state prisoner relied on earlier circuit precedent to

make a good faith effort to exhaust his federal claims, only to discover years later

at the end of the process that his post-conviction petition was not properly filed

under *Pace*. *See, e.g., Harris v. Carter*, 515 F.3d 1051, 1054 (9th Cir. 2008)

(concluding that equitable tolling was available for a state prisoner who relied to

his detriment on pre-*Pace* case law).

In this case, however, the statute of limitations had not yet begun to run

when *Pace* was released in April 2005, and Petitioner was on notice of the correct

rule when the one-year period did commence. *Cf. Raspberry v. Garcia*, 448 F.3d

1150, 1154 (9th Cir. 2006) (holding that a prisoner's lack of legal sophistication is

not an extraordinary circumstance that warrants equitable tolling). Therefore, if

Petitioner was uncertain whether his application for post-conviction relief would

**Memorandum Decision and Order - 7**

ultimately be dismissed on timeliness grounds, a distinct possibility, he could have filed a protective federal petition and asked this Court to stay the case pending exhaustion in state court. *See Pace*, 544 U.S. at 416 (endorsing this practice). Although he apparently intended for his October 2007 pleading to function in this manner, by then it was too late; the statute of limitations had already expired.

Petitioner has not pointed to any other extraordinary circumstances that would qualify him for equitable tolling, and the Court has reviewed the record and found none. While he did argue in state court that the *state* limitations period should have been equitably tolled for a brief period because of his transfer to an out-of-state prison in October 2005, he has not shown why this argument should apply to the *federal* statute of limitations, which, assuming that the Rule 35 motion tolled the one-year period, did not start to run until August 2006.

In sum, the statute of limitations expired in this case, at the latest, on August 17, 2007. Because Petitioner did not initiate this action until October 1, 2007, the Petition must be dismissed.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion to Terminate Stay and Abey on Petition for Writ of Habeas Corpus  (Docket No. 7) is DENIED as MOOT.  The case has never been stayed.

IT IS FURTHER ORDERED that Respondent's Motion for Summary

Dismissal (Docket No. 10) is GRANTED.



DATED:  **April 9, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 9**